## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Phillip Rodriguez, | |
| Plaintiff, | Case No. 3:19-cv-50282 |
| v. | Honorable Iain D. Johnston |
| Omar Hernandez, Cuauhtemoc Cabral, and United States of America (substituted for Magdalena Gazdowicz), Traffic Control & Protection, Inc., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phillip Rodriguez filed a negligence claim against Omar Hernandez, Cuauhtemoc Cabral, and Magdalena Gazdowicz in Illinois state court. Dkt. 1-1. Plaintiff later amended the complaint to add Traffic Control & Protection, Inc., as the alleged employer of the first two defendants. Dkt. 24. Under the provisions of the Federal Tort Claims Act (FTCA), the U.S. Attorney General, through the U.S. Attorney's Office, certified that Magdalena Gazdowicz was a federal employee and was acting within the scope of her employment. Therefore, by operation of the FTCA, the case was deemed to be an action against the United States, which was substituted as a defendant in place of Ms. Gazdowicz. 28 U.S.C. § 2679(d)(2). The United States then removed the case to federal court under the same authority. Dkts. 1 and 1-2. Plaintiff did not challenge removal or the Attorney General's certification.

Shortly after removing to federal court, the United States filed a motion to dismiss for failure to exhaust administrative remedies. Dkt. 5. The gist of the United States' argument is that because Ms. Gazdowicz was acting within the scope of her employment, any tort claim against her is covered by the protection of the FTCA and Plaintiff cannot sue in federal court without exhausting all avenues available at the Department of Veterans Affairs. Dkt. 5, ¶¶ 4–5.

Under the Federal Tort Claims Act, federal courts have exclusive jurisdiction over negligence claims against an "employee of the Government while acting within the scope of [their] office or employment." 28 U.S.C. § 1346(b)(1). The Attorney General of the United States is charged with determining whether the employee was acting within the scope of their employment. 28 U.S.C. § 2679(d)(2). Once the Attorney General has made such certification, the case must be removed to federal court and the United States substituted as a defendant. *Id.* As outlined above, these requirements were followed.

Furthermore, the FTCA requires plaintiffs first seek legal redress from the federal agency that employed the original defendant. Unless the plaintiff has exhausted all available administrative remedies, or unless the appropriate agency has failed to dispose of the claim within six months of filing, the plaintiff's lawsuit cannot continue. 28 U.S.C. § 2675(a). The United States filed an affidavit showing that Plaintiff has not sought redress from the Department of Veteran Affairs, Ms. Gazdowicz's employer. Dkt. 5-1, ¶ 8. In response, Plaintiff admits that he never filed an administrative action because Plaintiff filed the action against "the named

2

Defendant as an individual failing to drive a vehicle free of negligence." Dkt. 10, ¶ 5. But Plaintiff does not argue that the Attorney General's certification was improper or that the FTCA does not apply. Thus, this Court lacks the authority to hear Plaintiff's claim against Magdalena Gazdowicz or her federal employer.

This motion to dismiss was stylized both as a motion to dismiss for failure to state a claim and as a motion to dismiss for lack of subject-matter jurisdiction. Dkt. 5. Some courts have described the FTCA's statutory requirements as condition precedents, and others have described them as necessary components to subject-matter jurisdiction. The result it the same. The claim cannot proceed. In *Palay v. United States*, the Seventh Circuit declined to settle the question of whether the FTCA's requirements are jurisdictional. 349 F.3d 418, 424 (7th Cir. 2003). If they are jurisdictional, then dismissal is proper under Federal Rule of Civil Procedure 12(b)(1). *Id*. If the requirements are "statutory prerequisites to suit," then dismissal is proper under Rule 12(b)(6). *Id*. Because the United States has filed the motion under both 12(b)(1) and 12(b)(6), this Court is not required to resolve the question. *Id*. (noting that the only reason to resolve this debate is if a federal court dismissed the claim only for lack of subject-matter jurisdiction).

Plaintiff contends that the United States has acted maliciously in removing to federal court "for the sole purpose of dismissing the complaint and remanding the matter back to state court." Dkt. 10, ¶ 4. To some extent, the Court understands Plaintiff's frustration and confusion. To the unfamiliar, it is odd that the United States removes a case to federal court, only to then move to remand it back to the

3

very same state court from which the case was removed. But the important aspect to remember is that in between the removal and subsequent remand, the federal employee is dismissed. To assuage Plaintiff's counsel's concerns that the United States was engaged in some form of gamesmanship, at the November 26, 2019 status hearing, the Court explained the process to Plaintiff's counsel. To reiterate, because this claim invokes the FTCA, federal courts have "exclusive" jurisdiction. 28 U.S.C. § 1346(b)(1). Defendant had no choice but to remove to federal court before filing the motion to dismiss. Removal was required by law. Still, Plaintiff is correct that the result is remand back to state court. The only defendant asserting federal jurisdiction is no longer a party to the case, and the FTCA's grant of exclusive jurisdiction no longer applies.

Therefore, Defendant United States of America's motion to dismiss for failure to exhaust administrative remedies [5] is granted as to the United States of America and Magdalena Gazdowicz. Defendant Traffic Control and Protection, Inc., filed a crossclaim for contribution against the United States [35]. That crossclaim, and the United States' answer to that crossclaim [37], are stricken as moot. The case is remanded to the Circuit Court of McHenry County, Illinois—2200 N. Seminary Avenue, Woodstock, Illinois, 60098—and may continue against the remaining defendants.

Date:  October 16, 2020

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois, Western Division

4